**RECORD NO. 12-4992**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DEONTAYE HARVEY,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

**OPENING BRIEF OF APPELLANT**

Thomas J. Saunders
LAW OFFICE OF THOMAS J. SAUNDERS
3600 Clipper Mill Road, Suite 201
Baltimore, Maryland 21211
(202) 320-8968
thomas.j.saunders@gmail.com

*Counsel for Appellant*

June 11, 2013

Certificate as to Parties, Rulings and Related Cases

Parties to this case are Deontaye Harvey, Appellant and the United States, Appellee.

This is an appeal from the judgment and sentence before the Honorable Roger W. Titius.

There are no related cases on appeal.


*/s/ Thomas J. Saunders*
Thomas J. Saunders

*Counsel for Appellant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... ii

STATEMENT OF SUBJECT MATTER JURISDICTION
    AND BASIS FOR APPELLATE JURISDICTION ..................................... 1

ISSUES PRESENTED FOR REVIEW ................................................................ 1

STATEMENT OF THE CASE .............................................................................. 1

STATEMENT OF FACTS .................................................................................... 2

SUMMARY OF ARGUMENTS ........................................................................... 4

I.    The Guilty Plea Was Not Voluntary ............................................................. 4
        A.    Standard of Review .............................................................. 4
        B.    Argument .............................................................................. 4

    II.    The Trial Judge Erred in Sentencing Mr. Harvey ............................... 5
        A.    Standard of Review .............................................................. 5
        B.    Argument .............................................................................. 6

    III.    Deontaye Harvey Was Denied His Right to Allocute ....................... 9
        A.    Standard of Review .............................................................. 9
        B.    Argument ............................................................................ 10

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH
    LIMITATIONS ................................................................................... 11

CERTIFICATE OF SERVICE ........................................................................... 12

## TABLE OF AUTHORITIES

### Federal Cases

*Anders v. California*,
    386 U.S. 738 (1979) .................................................................................. 4

*Brady v. United States,*
    397 U.S. 742 (1970) .................................................................................. 5

Rita v. United States,
    551 U.S. 338 (2007) .................................................................................. 5

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) .................................................................... 8

*United States v. Dinnall*,
    269 F.3d 418 (4th Cir. 2001) .................................................................... 4

*United States v. Goins*,
    51 F.3d 400 (4th Cir. 1995) ...................................................................... 4

*United States v. Hastings*,
    134 F.3d 235 (4th Cir. 1998) .................................................................... 4

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) ................................................................. 5, 9

*United States v. Muhammad*,
    478 F.3d 247 (4th Cir. 2007) .................................................................... 9

*United States v. Withers*,
    100 F.3d 1142 (4th Cir. 1996) .................................................................. 7

### Federal Statutes

18 USC §1951(a) ............................................................................................. 1

18 USC §3553(a) ......................................................................................... 5, 7

18 USC §3553(a)(6) .................................................................................................. 7

18 U.S.C. § 924(c) .................................................................................................. 1

18 U.S.C. § 924(c)(1)(A)(ii) .................................................................................. 6

## Federal Rules

Rules of Federal Criminal Procedure 11 ................................................................. 5

Federal Rules of Criminal Procedure 32 ............................................................... 10

STATEMENT OF SUBJECT MATTER JURISDICTION
AND BASIS FOR APPELLATE JURISDICTION

Appellant appeals from the final judgment of conviction and sentence from the United States District Court for the District of Maryland, Northern Division. The United States District Court for the District of Maryland, Northern Division, was the court of original subject matter jurisdiction pursuant to 18 U.S.C.A. § 3231. A notice of appeal was filed on November 29, 2012.

The United States Court of Appeals for the Fourth Circuit has jurisdiction of the appeal pursuant to 18 U.S.C.A § 1291 and 18 U.S.C.A. § 3742.

ISSUES PRESENTED FOR REVIEW

I.     Whether the Guilty Plea Was Not Voluntary

II.    Whether the Trial Judge Erred in Sentencing Mr. Harvey

III.   Whether Mr. Harvey Was Denied His Right to Allocute

STATEMENT OF THE CASE

On October 26, 2011, Mr. Deontaye Harvey was indicted and charged with a violation of 18 USC §1951(a), Interference with Commerce by Robbery and 21 USC §924(c), Brandishing a Firearm. On May 22, 2012 Mr. Harvey entered a plea of Guilty to Counts 5 and 6. On November 15, 2012 Mr. Harvey was sentenced to

78 months on Count 5 and 84 months consecutive on Count 6 and concurrent terms of supervised release of 3 years. On November 29, 2012 Mr. Harvey filed a timely notice of appeal.

STATEMENT OF FACTS

On May 22, 2012 Mr. Harvey was rearraigned before the Honorable Catherine C. Blake. Mr. Harvey was sworn and then he entered a plea of guilty to Counts 5 and 6 of the indictment. May 22, p.3. The judge informed Mr. Harvey that he was pleading guilty to a Hobbs Act robbery and the Government would have to prove that he obtained property from someone without their consent and that he used "actual or threatened force or violence or fear" resulting in an item moving in interstate commerce was "delayed, obstructed, or affected in some way or degree." May 22 p.4-5. She went on to explain that Count 6 required the Government to prove the facts of Count 5 and then prove that "you knowingly brandished, you demonstrated, you presented, you showed off a firearm, and that you did that in furtherance of committing a crime." May 22, p.5. Mr. Harvey acknowledged that he understood what he was pleading to. The judge explained the maximum sentences, May 22, p.6, explained supervised release, May 22, p. 6-7, and explained the sentencing guidelines and his right to appeal the sentence,

2

May 22, p.7-8. Judge Blake then reviewed with Mr. Harvey his rights to plead not guilty, to have a trial by jury or judge, the right to counsel, the presumption of innocence, the right to summons witnesses, the right to confront and question witnesses, the right to testify or remain silent without any presumption result from silence, the right to have a unanimous verdict requiring proof beyond a reasonable doubt, annd the right to move to suppress any statements or items seized from him. May 22, p.7-10. Mr. Harvey acknowledged that he understood each of those rights. The judge reviewed the plea agreement with Mr. Harvey and he acknowledged that no one used any force or threats to make him enter into the agreement, and that he had sufficient time to review the plea with his attorney. May 22, p. 11-12.

On November 15, 2012 Mr. Harvey appeared with counsel for sentencing. The Court asked Mr. Harvey's counsel if he had reviewed the Presentence Report with Mr. Harvey and he noted that he had, and the only issue to be resolved was the matter of restitution. November 15 p. 3-4. Both counsel for the Government and for Mr. Harvey acknowledged that the guideline range in the Report was correct. November 15, p. 10. Mr. Harvey was sentenced at the low end of the guideline range as recommended by the Probation Agent. November 15, p. 25.

SUMMARY OF ARGUMENTS

    I.    Whether the Guilty Plea Was Not Voluntary

    II.    Whether the Trial Judge Erred in Sentencing Mr. Harvey

    III.    Whether Mr. Harvey Was Denied His Right to Allocute

Regretfully appointed counsel can find no merits to these issues and is filing this brief with its arguments pursuant to *Anders v. California*, 386 U.S. 738 (1979).

ARGUMENTS

I.    The Guilty Plea Was Not Voluntary

    A.    Standard of Review

Typically, a challenge to a guilty plea is reviewed *de novo*. *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995). However, if there is no challenge before the district court, this Court reviews for plain error. *See United States v. Dinnall*, 269 F.3d 418 (4th Cir. 2001). This Court requires that the Appellant establish "that error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998).

    B.    Argument

Mr. Harvey maintains that his plea was not voluntary. His position is that his attorney induced him to plead guilty against Mr. Harvey's better judgment and that he answered the questions of the Court in the affirmative solely because his attorney told him to do so. Counsel has reviewed the transcript of the plea hearing,

and the requirements of Rule 11, RFCrP. At no time does the transcript reflect any inducement or hesitation on Mr. Harvey's behalf as he answered the questions of the Court. If counsel used any improper inducement or misled his client regarding the consequences of a plea Mr. Harvey might be entitled to some remedy. *See*, *Brady v. United States,* 397 U.S. 742, 755 (1970). However the record that counsel has reviewed provides no basis to support that argument herein.

II.     The Trial Judge Erred in Sentencing Mr. Harvey

  A.     Standard of Review

The standard of review is set out by this Court in *United States v. Lynn*, 592 F.3d 572, 575-576 (4th Cir. 2010):

> First, an appellate court must review for procedural reasonableness, ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-- including an explanation for any deviation from the Guidelines range. *Id*. If the appellate court finds a sentence procedurally reasonable, it then moves to the second step, in which it "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.; see also Rita v. United States*, 551 U.S. 338, 351, . . .(2007).

5

B.  Argument

Mr. Harvey objects to his sentence of 162 months. His guideline range as calculated in the PSR was an Adjusted Offense Level of 26 (¶36) and a Criminal History Category of III (¶47). Thus the Guideline sentencing range is 78-97 months. He maintains it was error to sentence him outside of that range even though 18 USC §924(c)(1)(A)(ii) requires a mandatory seven year consecutive sentence.[1] After a diligent effort counsel can find no law supporting Mr. Harvey's position.

---

[1](c) (1) (A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(D) Notwithstanding any other provision of law--
    (i) a court shall not place on probation any person convicted of a violation of this subsection; and
    (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

6

Mr. Harvey also asserts that after November 1, 2012 "mandatory sentencing [is] no longer required." Again after diligent effort counsel can find no law supporting Mr. Harvey's position. Moreover in footnote 1 above the statute is quoted in its current form which requires a seven year consecutive term.

Finally Mr. Harvey objects to the disparity between his sentence and that of his codefendants. On August 23, 2012 Aaron Pratt was sentenced to a prison term of 87 months (Count 5). On February 11. 2013 Reginald Dargan was sentenced to 135 months (51 months on Count 1 and 84 months consecutive on Count 6). Mr. Harvey notes that although all three of the defendants in this case engaged in the same conduct his sentence is the highest of all creating a disparity in the sentencing. 18 USC §3553(a)(6) requires that the sentencing court consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The Fourth Circuit has stated that this sentencing factor is aimed primarily at eliminating national sentencing inequity, not differences between the sentences of co-defendants. *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996). The general rule adopted by the Fourth Circuit is that a court is not required to discuss each § 3553(a) factor extensively, but need only "provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review."

7

*United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

For reasons that are not a part of the record Mr. Pratt was allowed to plead to Count 5 only therefore not exposing him to a mandatory consecutive sentence on Count 6. Mr. Dargan was sentenced to 135 months after Mr. Harvey was sentenced, a difference of 33 months from Mr. Harvey's sentence. While there is nothing in the record to indicate why Mr. Dargen received a sentence of 135 months there is a record made by the court as to Mr. Harvey's sentence:

> I do believe that the guideline range is appropriate. I am going to agree with Mr. Neverdon that the low end of the guideline range, and that's consistent with the government as well, is sufficient, taking into account several things.
>
> First of all, this is a very serious offense, two very serious offenses. I can understand how Mr. Harvey might not fully comprehend it going in, but it clearly has a very bad psychological, emotional effect on the people that are, frankly, terrified to have a couple of guns and a knife displayed at them. So it is very harmful to the employees. It's obviously financially difficult for the business. There are consequences that go on afterwards in terms of the cost, the insurance, the hiring of the guard, paying for psychological counseling, and mostly, it's just a very risky situation, as Mr. Neverdon indicated as well.
>
> Fortunately, nobody was physically injured, but that very easily could have happened. So it's a very serious offense. I am also, however, taking into account that Mr. Harvey has accepted responsibility. He is very young.
>
> The Criminal History Category is correctly calculated at a III, but it is primarily from his juvenile possession drug offenses. There is no prior violence before these, obviously, very serious.

8

> That leads me to believe that the bottom end of the guideline range would be sufficient. That's still a very significant sentence in itself, of course.
>
> Mr. Harvey, on Count 5, therefore, the sentence is going to be 78 months in the custody of the Bureau of Prisons. On Count 6, there is a consecutive, mandatory consecutive 84 months in addition to that. So that will be -- I think that's the total of the 162 months that has been referred to.

November 15, p. 25-26.

A review of the PSR shows that because Mr. Harvey was involved in two robberies (wherein Mr. Pratt and Mr. Dargen were involved in only one of those robberies) Mr. Harvey received a two level enhancement. ¶ 33 PSR, *See also* May 22, pp. 12-13. After diligent review of the facts laid out in the transcripts and PSR and a review of the law, counsel can find no basis to argue that the judge abused her discretion in the sentencing.

III.   Deontaye Harvey Was Denied His Right to Allocute

    A.   Standard of Review

Without an objection at the sentencing proceeding this Court reviews for plain error. *See United States v. Lynn*, 592 F.3d 572, 576-77 (4th Cir. 2010) (holding that "plain-error review applies when a party lodges an objection to the sort of procedural sentencing error at issue here for the first time on appeal"). Under that standard of review, Mr. Harvey must establish that "an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007).

B.  Argument

Rule 32, FRCrP requires that before imposing sentence the court must provide the defense attorney an opportunity to speak on the defendant's behalf and "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." The record indicates that the court complied with that Rule. Mr. Harvey maintains that his family, whom he wanted present, was informed that his sentencing would occur at 2:00 pm while in fact his sentencing occurred at 9:00 am. Neither Mr. Harvey nor his lawyer objected to proceeding because Mr. Harvey's family members were not present. Without a record below of an objection after diligent effort counsel cannot find any law to support a claim of error under Rule 32.

Respectfully submitted,

*/s/ Thomas Saunders*

Thomas J. Saunders
3600 Clipper Mill Road, Suite 201
Baltimore, MD 21211
410-662-5586
202-320-8968
Facsimile 410-662-5589
Federal Bar # 25084


## CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS

This Brief has been prepared using WordPerfect X5, 14 pt. Times Roman

EXCLUSIVE of the Table of Contents; Table of Citations; Statement with respect to oral argument; and the Certificate of Service, the Brief contains 2381 words which does not exceed the limitation of 14,000 words.

I understand that a material misrepresentation can result in the Court=s striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the Brief and/or a copy of the word or line print-out.

## CERTIFICATE OF SERVICE

I hereby certify that on 11th day of June, 2013, I filed with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit the required number of copies of this Brief of Appellant via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

Benjamin Block, AUSA
Office of the United States Attorney
36 S. Charles St., 4th Floor
Baltimore, MD 21201

and

Deontaye Harvey, Defendant
54055-037
FCI Beckley
P.O. Box 350, Beaver, WV  25813

via U.S. Postal Service, First Class Mail, along with a full explanation of his right to file an Anders *pro se* brief on his behalf.

Thomas J. Saunders